IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PETER MARKGREN and
DARYL STROHSCHEIN,

                      Plaintiffs,                     OPINION and ORDER

     v.

                                                              21-cv-429-jdp

SAPUTO CHEESE USA INC.,

                      Defendant.

---

      For more than 30 years, plaintiffs Peter Markgren and Daryl Strohschein worked for defendant Saputo Cheese, USA, Inc., a producer of blue cheese. Markgren eventually became a rotary press operator at Saputo's original plant and Strohschein became a night shift production supervisor at Saputo's newly built plant. Markgren was terminated from his position in 2019 at the age of 55. Several months later, Strohschein was also terminated. He was 54 years old.

      Plaintiffs assert age, sex, and disability discrimination and retaliation claims against Saputo. Saputo moves to dismiss most of those claims under Federal Rule of Civil Procedure 12(b)(6) on grounds that plaintiffs have not adequately alleged discriminatory conduct and that plaintiffs failed to exhaust one of their claims. Dkt. 10. Saputo also moves to sever Markgren's and Strohschein's claims. Dkt. 13.

      The court will deny Saputo's motion to dismiss. The allegations in plaintiffs' complaint meet federal pleadings standards for discrimination and retaliation claims and Saputo has not demonstrated any failure to exhaust. The motion to sever will be granted because plaintiffs' claims are based on fundamentally discrete and separate events.

ANALYSIS

**A. Motion to dismiss**

Plaintiffs bring various age, sex, and disability discrimination and retaliation claims against Saputo. Specifically, Markgren and Strohschein both contend that they were terminated on the basis of: (1) age in violation of the Age Discrimination in Employment Act (ADEA); and (2) sex in violation of Title VII of the Civil Rights Act. Markgren also contends that Saputo: (3) created a hostile work environment based on age; (4) failed to accommodate his disabilities in violation of the Americans with Disabilities Act (ADA); (5) terminated him based on his disabilities in violation of the ADA; and (6) retaliated against him for age and disability-related reasons.[1]

Saputo moves under Rule 12(b)(6) to dismiss plaintiffs' claims, with the exception of both plaintiffs' age-based termination claims. Saputo's primary contention is that plaintiffs' allegations are inadequate to support the required elements of each of their claims. The bulk of Saputo's brief discusses the prima facie elements for each of plaintiffs' claims and identifies those elements where plaintiffs failed to allege underlying facts.

But at the pleading stage, the standard for stating an employment discrimination or retaliation claims is permissive. A plaintiff is not required plead detailed factual allegations or

---

[1] Plaintiffs also initially brought state-law claims of negligent and intentional infliction of emotional distress, negligent hiring and retention, and wrongful termination. They filed a "partial stipulation of dismissal" of those state-law claims. Dkt. 22. But a stipulation under Federal Rule of Civil Procedure 41(a) can be used only to dismiss the entire action; the appropriate vehicle here is an amended complaint under Rule 15(a). *See Taylor v. Brown*, 787 F. 3d 851, 857-58 (7th Cir. 2015). So I will construe the parties' stipulation as a motion to amend plaintiff's complaint with defendants' written consent under Rule 15(a)(2). I will accept the motion and deem those claims to be dismissed from plaintiff's operative complaint. Dkt. 1.

a prima facie case with factual support for each element of his claim. *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022). Rather, a plaintiff must only identify the type of discrimination he believes occurred, who is responsible, and when it happened. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010). What matters is that a plaintiff advances plausible allegations that he experienced discrimination because of a protected characteristic. *Graham v. Bd. of Educ.*, 8 F.4th 625, 627 (7th Cir. 2021) (to plead an employment discrimination case, "it is enough for a plaintiff to assert that [he] was treated worse because of protected characteristics").

In this case, the court has reviewed plaintiffs' lengthy complaint and concludes that it contains sufficient allegations to satisfy the applicable standard. For example, Markgren and Strohschein allege that they were terminated on the basis of sex. Markgren says that he was fired following an altercation with an employee who harassed him. Strohschein says that he was terminated after a series of mechanical problems halted cheese production for a week. But plaintiffs say that these incidents were pretextual reasons for firing them and that they were treated more harshly because they are men. They say that Saputo's female human resources staff did not fairly investigate these incidents or allow them to explain their actions. More broadly, they allege that Saputo had a practice of protecting female employees from discipline more than men. They provide examples of female employees who violated procedures or failed to perform their duties and faced no consequences. Markgren also says he was replaced with a less-experienced female employee. This is enough to state a plausible discrimination claim at the pleading stage.

To state a retaliation claim, a plaintiff must allege that he: (1) engaged in statutorily protected activity; and (2) suffered an adverse employment action because of the protected

activity. *See Freelain v. Vill. of Oak Park*, 888 F.3d 895, 901 (7th Cir. 2018). In this case, Markgren says that he engaged in statutorily protected activity when he took Family Medical Leave Act (FMLA) leave to address medical issues, requested accommodations for his disabilities, and complained about harassment by his coworkers. He says that he was disciplined and terminated from his job as a result of these actions. These allegations are adequate to state a claim for retaliation.

The remaining allegations in plaintiffs' complaint are similarly detailed and sufficient to state plaintiffs' other age and disability discrimination claims. Saputo's arguments attacking plaintiffs' ability to a establish a prima facie discrimination case are more appropriate for the summary judgment stage, when plaintiffs will be required to adduce admissible evidence in support of each element of their claims. *Graham*, 8 F.4th at 627.

Saputo also contends that Markgren failed to exhaust his failure-to-accommodate claim brought under the ADA. Before bringing a lawsuit against an employer under the ADA, an employee must first exhaust his administrative remedies by filing a charge with the Equal Employment Opportunities Commission (EEOC). *Riley v. City of Kokomo*, 909 F.3d 182, 189 (7th Cir. 2018).

Exhaustion usually is not litigated in a motion to dismiss because a court cannot consider evidence outside the pleadings and resolving exhaustion issues depends on documents that a plaintiff has filed with relevant outside administrative agencies. But in this case, both parties attached versions of Markgren's state-level and EEOC charging documents to their briefs.[2] Saputo attached a charging document that Markgren filed by mail. Dkt. 12-1. Plaintiffs

---

[2] Plaintiffs first ask the court not to consider the documents but go on to offer documents of their own. Even if the court excluded the documents, it would result in the same outcome

4

attached a charging document that Markgren later filed by fax. Dkt. 17-2. Because both sides submitted the charging documents, and because charges of discrimination filed with administrative bodies are subject to judicial notice as matters of public record, *Obazuaye v. Illinois Dep't of Hum. Servs.*, No. 21-c-3132, 2021 WL 5204700, at *2 (N.D. Ill. Nov. 9, 2021), the court will consider them.

Saputo contends that Markgren didn't exhaust his failure-to-accommodate claim because he didn't discuss requesting accommodations in his state-level and EEOC charge. The general rule is that a plaintiff may not raise claims in his federal lawsuit that were not raised in the EEOC charge. *Id.* But there is an exception for claims that are "reasonably related to one of the EEOC charges and can be expected to develop from an investigation into the charges actually raised." *Id.*

The parties agree that Markgren accused Saputo of disability discrimination in his EEOC charging documents. He stated in both versions that he was terminated and harassed because of his heart condition, back injury, and depression. Markgren's mailed charging document does not explicitly refer to accommodations, Dkt. 12-1, but in his faxed document, he wrote "failure to accommodate" by hand in the margins next to his allegations, Dkt. 17-2, at 4. The parties discuss whether the handwritten note was enough to raise the failure-to-accommodate claim, whether Saputo received notice of the claim, and state investigators' treatment of accommodation issues in its determination on Markgren's charges.

But the handwritten note is beside the point because Markgren's failure-to-accommodate claim was reasonably related to his other disability discrimination allegations in

---

because the court concludes that plaintiff has exhausted his claim.

the state-level and EEOC charge. Failure-to-accommodate claims are distinct from ADA disability discrimination claims. *Weigel v. Target Stores*, 122 F.3d 461, 464 (7th Cir. 1997). But for exhaustion purposes, the two are frequently intertwined. *Edwards v. Illinois Dep't of Fin.*, 210 F. Supp. 3d 931, 943 (N.D. Ill. 2016) (failure-to-accommodate claim was reasonably related to ADA discrimination claim even though plaintiff did not use the words "reasonable accommodation" in her EEOC charge, because an investigation into her termination claims would have revealed a reasonable accommodation claim); *Ortiz v. Bd. of Educ. of City of Chi.*, No. 11-c-9228, 2013 WL 3353918, at *5 (N.D. Ill. July 2, 2013) (failure-to-accommodate claim reasonably related to disability discrimination claim when it was not unreasonable to think that an investigation into the termination would uncover accommodation allegations).

Here, Markgren described his disabilities in his EEOC charge and discussed several instances where he took FMLA leave to address his health conditions, which is a type of accommodation. He stated in the EEOC charge that Saputo's human resources department was aware of his disabilities and some of his limitations, particularly in relation to his heart condition and back injuries. So it is reasonable to think that an investigation into Markgren's disability discrimination claims based on termination and harassment would also lead to questions about whether Markgren sought and received accommodations. Markgren has properly exhausted this claim.

**B.  Motion to sever**

Saputo moves to sever Markgren's claims from Strohschein's claims under Federal Rule of Civil Procedure 21. Dkt. 13. Rule 21 allows a court to sever any claim against any party. The court may sever Markgren's claims from Strohschein's if their claims are "discrete and separate." *Gaffney v. Riverboat Servs. of Ind., Inc.*, 451 F.3d 424, 442 (7th Cir. 2006). In other

words, severance is appropriate if one set of claims is capable of resolution despite the outcome of the other set. *Id.*

Here, it makes sense to sever the case. Plaintiffs' claims bear some similarities, and they involve some overlapping facts. For example, both plaintiffs worked for Saputo for many years before being terminated at around the age of 55. And both plaintiffs allege that Saputo terminated them based on their age and gender.

But the claims are independently capable of resolution for several reasons. During the time period relevant to this lawsuit, Markgren and Strohschein held different jobs in different plants. They were terminated three months apart and were given different reasons for losing their jobs. For the most part, the events at issue involved different Saputo employees and managers. And Markgren brings four claims, based on disability discrimination and retaliation, that Strohschein does not.

Under these circumstances, it would be less efficient to try the claims together. The court will grant Saputo's motion to sever Markgren's claims from Strohschein's claims and litigate them separately.

ORDER

IT IS ORDERED that:

1. Defendant Saputo Cheese USA, Inc.'s motion to dismiss, Dkt. 10, is DENIED.

2. Defendant's motion to sever, Dkt. 13, is GRANTED.

3. The parties' partial stipulation to dismiss plaintiffs' state-law claims, Dkt. 22, is construed as a motion for leave to amend the complaint. The motion is GRANTED. Plaintiffs' state-law claims are DISMISSED.

4. This case is severed in accordance with Fed. R. Civ. P. 21 and the court's inherent authority. The claims of Peter Markgren will proceed as case No. 21-cv-429-jdp.

The clerk of court is directed to assign a new case number to the claims of plaintiff Daryl Strohschein.

5. As stated in Dkt. 20, the court will try Markgren's case on February 27, 2023, and it will try Strohschein's case on March 27, 2023.

Entered August 25, 2022.

                          BY THE COURT:

                          /s/

                          _____
                          JAMES D. PETERSON
                          District Judge